UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:16-CR-78-JMH
(Related Civil Action No. 5:18-CV-543-JMH)

UNITED STATES OF AMERICA,                           PLAINTIFF/RESPONDENT,

V.                       **RECOMMENDED DISPOSITION**

PIERRE STEPHAN WASHINGTON,                          DEFENDANT/PETITIONER.

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

**I.**

On April 17, 2017, Pierre Stephan Washington pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). [R. 28]. On July 31, 2017, Washington was sentenced to 180 months imprisonment to run concurrently with any state court sentence, and three (3) years supervised release. [R. 35, R. 37]. On August 8, 2017, he filed a notice of appeal to the Sixth Circuit Court of Appeals, which affirmed the court's sentence and judgment. [R. 38, R. 48, R. 49].

On September 20, 2018, Washington sought to challenge his conviction, filing a timely Motion to Vacate pursuant to 28 U.S.C. § 2255. [R. 51]. In his § 2255 motion, the defendant brings three (3) ineffective assistance of counsel claims. First, Washington argues that trial counsel was deficient in failing to investigate the enhancement under the Armed Career Criminal Act (ACCA) based on the premise that his prior convictions were not serious drug offenses. [R. 51-1 at 5-8]. Next, he argues that both trial and appellate counsel were ineffective for failing to interpret and argue that Kentucky's drug trafficking statute, KRS § 218A.010 is

1

anything but "broad" in light of Supreme Court precedent. [*Id.* at 8-11]. Lastly, Washington argues that he received ineffective assistance of counsel during the plea negotiation stage, in state court. [*Id.* at 11-14].

Washington's requested relief is that the Court dismiss the indictment against him "in order to cure" the violations he received in state court, or grant him an evidentiary hearing. [R. 51 at 12]. The United States submitted a response in opposition. [R. 58]. Washington did not file a reply. Upon full review, and in accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the undersigned recommends that Washington's requested relief under § 2255 [R. 51], be denied.

## II.

Washington brings this Motion to Vacate under 28 U.S.C. § 2255. Section 2255 provides that a prisoner in custody under a sentence of a United States Court may petition that court to amend his or her sentence upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, that the court imposing the sentence lacked jurisdiction to do so, that the sentence is excessive, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) ("In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001))).

A defendant alleging a constitutional basis must establish "an error of constitutional magnitude" and show that the error had a "substantial and injurious effect or influence on the proceedings" in order to obtain § 2255 relief. *Watson v. United States*, 165 F.3d 486, 488

(6th Cir. 1999) (citing *Brecht v. Abrahamson*, 113 S. Ct. 1710, 1721–22 (1993)). When alleging a non-constitutional error, a defendant must prove that the error constituted a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 82 S. Ct. 468, 471 (1968)); *see also Watson*, 165 F.3d at 488. In making a § 2255 motion, a movant generally bears the burden of proving factual assertions by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (*per curiam*) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence.").

### III.

Three claims of ineffective assistance of counsel have been presented in this instance. In evaluating such a challenge, the Sixth Circuit applies the *Strickland* two-prong test. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005); *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a defendant first must show his or her counsel was deficient. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, a defendant must show the deficient performance actually prejudiced the defense. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. Both elements must be shown. Thus, not only must the attorney's performance have been deficient, but that specific deficiency must also have been the antecedent without which the Defendant's sentence would not have been imposed.

It is true that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.* at 688. Nonetheless, an attorney representing a criminal defendant does have some specific, articulable duties. All attorneys owe their clients a duty of loyalty; a duty to avoid conflicts; a duty to advocate, inform, and consult; and counsel has a duty "to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process." *Id.* In evaluating an attorney's duties to his or her client and the sufficiency of an attorney's performance of them, however, courts must be highly deferential. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.; see also Engle v. Isaac*, 456 U.S. 107, 133–34 (1982); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009); *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2009). Indeed, there is a presumption of adequate representation. "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quotation and citation omitted).

### A. Failure to Object to ACCA Enhancement

First, Washington claims that he should not have received a sentencing enhancement under the ACCA because his prior 2004 Kentucky conviction for trafficking in a controlled substance, under Kentucky Revised Statute (KRS) § 218.1412, does not meet the threshold quantity for trafficking. He therefore argues that his attorney's failure to discover this alleged error constitutes ineffective assistance of counsel under both prongs of *Strickland*. [R. 51-1 at 5-8]. However, because Washington cannot prove that his attorney acted deficiently, this claim fails.

The offense conduct stems from one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g), which provides for a base offense level of 24. Yet, having had at least three previous serious drug offense convictions under 18 U.S.C. § 924(e), the defendant was subjected to an enhanced sentence of not less than 15 years and no more than life as an Armed Career Criminal, resulting in an offense level of 33. [R. 27 at 2-4; R. 40 at 5]. In recognition of Washington's acceptance of responsibility, under U.S.S.G. § 3E1.1(a), the United States Probation Office (USPO) recommended a three-level reduction for a total offense level of 30 and category VI criminal history, resulting in a Sentencing Guidelines range of 180 to 210 months. [R. 39; R. 40 at 5]. The Court adopted the Presentence Investigation Report (PSR) and the USPO's prepared guideline calculations, and sentenced the defendant to 180 months to run concurrent with any state sentence, and three (3) years of supervised release. [R. 37].

The basis for the USPO's determination that Washington was subject to an enhancement as an Armed Career Criminal was the defendant's six (6) prior Trafficking in Controlled Substance, First Degree Convictions— all of which stem from the Franklin County Circuit Court, in Frankfort, Kentucky. [R. 40 at 7, 9-11, 24]. Relevant to Washington's claim is the May 7, 2004 conviction (Case No. 02-CR-00178) for two counts of trafficking cocaine, in violation of Ky. Rev. Stat. § 218A.1412(1) (2002), committed on June 27 and July 28, 2002. [*Id.* at 3 ¶ 7, 24].

At the time of his sentence in 2004, the Kentucky statute stated that "[a] person is guilty of trafficking in a controlled substance in the first degree when he knowingly and unlawfully traffics in: a controlled substance, that is classified in Schedules I or II which is a narcotic drug." Ky. Rev. Stat. § 218A.1412(1) (2002). Additionally, it provided that "[a]ny

5

person who violates the provisions of subsection (1) of this section shall: [f]or the first offense be guilty of a Class C felony, [which were punishable by up to ten years in prison]." Ky. Rev. Stat. § 218A.1412(2)(a) (2002); *see also* Ky. Rev. Stat. § 532.060(2)(c) (2002). In 2011, the Kentucky legislature amended the statute, providing several new changes. First, the revised statute provided for a threshold amount of "[f]our grams or more of cocaine[,]" as well as reduced the maximum term of imprisonment from ten years to five years for offenses involving less than a certain quantity of controlled substances. Ky. Rev. Stat. § 218A.1412(1) (2011); *see also* Ky. Rev. Stat. § 532.060(2)(c), (d) (2011). Washington submits that counsel's failure to adequately investigate the prosecution's " 'flawed' " formula was the cause for his designation as an armed career offender. [R. 51-1 at 5]. His challenge fails for the reasons below.

As seen from the record, up until Washington's sentence, his attorney at the time — John W. Oakley, II— objected to the ACCA enhancement on multiple occasions. These steps are described in detail in his affidavit. [R. 58-1]. First, Oakley explains that after he received and reviewed the PSR, he filed a written objection to Washington's classification as an Armed Career Criminal. [*Id*. at 6; *see also* R. 40 at 21-22]. Specifically, he argued:

> Significant changes have been made to the Kentucky Revised Statutes as it relates to criminal offenses over the last few years. Of particular importance to this case are the revisions under KRS [§] 218A.1412, which has incorporated a threshold amount for trafficking in cocaine.
> …
> Based on a review of Defendant's PSR, there is no indication as to the quantity of cocaine involved with each of his prior convictions. In addition, there is no indication as to whether Defendant pled guilty to trafficking in cocaine, first offense versus a second or subsequent offense. As a result, this Court must err in Defendant's favor for purposes of designating him as an Armed Career Criminal under 18 U.S.C. § 924(e).

[R. 40 at 21-22].

To further bolster his position, Oakley relied on *United States v. Morton*, 17 F.3d 911, 915 (6th Cir. 1994) for the proposition that a "federal sentencing court is required to look at current state law, [and not] the state law at the time of the previous conviction." [*Id.* at 21]. Roughly two weeks after raising the objection, however, Oakley withdrew his reliance on *Morton* after learning that it had been overruled in subsequent caselaw.[1] [*Id* at 23; R. 58-1 at 3 ¶ 7]. In addition, he admits that he withdrew the objection because he felt it was his "ethical duty" to withdraw it "instead of presenting a frivolous argument." [R. 58-1 at 3, ¶ 7]. Nevertheless, Oakley maintained a general objection to the ACCA enhancement, addressing it in his sentencing memorandum and at sentencing— attempting to dissuade from the applicable enhancement with mitigation purposes. [R. 40 at 23-24; R. 34]. The Court overruled the objection. [R. 35; R. 44 at 3].

There is no viable claim for ineffective assistance of counsel for failing to raise wholly meritless claims. *United States v. Martin*, 45 F. App'x 378, 381-82 (6th Cir. 2002). As stated at sentencing, Washington was bound to the 15-year mandatory minimum given the defendant's prior convictions. [R. 44 at 8]. Though Oakley's arguments ultimately failed, he believed that "preserving [Washington's] right to appeal the enhancement was the best [he] could do at the time." [*Id.*]. Therefore, because Washington cannot show deficient performance, his first

---

[1] The Government pointed Oakley's attention to *McNeill v. United States*, 563 U.S. 815 (2011). The *McNeill* Court held that the ACCA "requires the court to determine whether a 'previous conviction' was a serious drug offense," and "[t]he only way to answer this backward-looking question is to consult the law that applied at the time of that conviction." *McNeill*, 563 U.S. at 820. [R. 40 at 23; R. 58 at 4; R. 58-1 at 3 ¶ 7].

Most recently, the Sixth Circuit Court of Appeals reaffirmed the *McNeill* holding by finding that the statutory reduction of the maximum penalty from 10 years to five years— for those qualifying "serious drug offenses" under the ACCA— did not retroactively mitigate sentences that had been pronounced before the legislature changed the law. *United States v. Mayes*, 928 F.3d 502, 504-06 (6th Cir. 2019).

ground fails to satisfy the first *Strickland*-deficient performance prong. *Strickland*, 466 U.S. at 690.

### B. Trial & Appellate Counsel's Failure to Raise "Applicable Case Law"

Washington's second claim attacks trial[2] and appellate counsel's failure to challenge the ACCA enhancement based on the alleged rulings of *"Descamps, Mathis, Taylor, Shepard*[,] etc."  In reality, however, the crux of Washington's claim is an attack on the Court's entire ACCA Sentencing Guidelines application. First, Washington claims that his trial attorney failed to argue that the drug trafficking controlled substances definition, pursuant to Ky. Rev. Stat. § 218A.1412, is broader than the definition of a controlled-substance offense under USSG 4B1.2(b). [R. 51-1 at 12]. He further argues that the Court erred by applying the two-step categorical approach, and by *not* applying a modified categorical approach. Finally, he faults appellate counsel for citing *Almendarez-Torres v. United States*, 523 U.S 224 (1998), instead of "litigat[ing] existing [and] applicable case law in support of … his clearly preserved … ACCA predicate [challenge]." [*Id*. at 9]. Yet, because Washington's six prior convictions under Ky. Rev. Stat. § 218A.1412 are valid career offender predicates, and because he cannot show any alleged deficiency by his attorneys, he cannot obtain relief on this claim.

A. ACCA Enhancement Challenge

Under the ACCA, there is a minimum mandatory sentence of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Washington undoubtedly qualified for an enhanced sentence because he

---

[2] Although Washington captions Ground 2 solely as a challenge to appellate counsel's performance, the overall substance of this claim equally serves as a challenge to trial counsel's performance.

had at least three prior convictions for serious drug offenses; specifically, he had six prior felony convictions[3] under Ky. Rev. Stat. § 218A.1412, first degree trafficking in a controlled substance. The PSR also carefully indicated that these offenses occurred on separate occasions, and thus, were properly counted as distinct predicate convictions for ACCA purposes. *See, e.g.*, *United States v. Brady*, 988 F.2d 664, 669 (6th Cir. 1993) (en banc) ("[O]ffenses committed by a defendant at different times and places and against different victims, although committed within less than an hour of each other, are separate and distinct criminal episodes and [ ] convictions for those crimes should be counted as separate predicate convictions under § 924(e)(1).").

Additionally, the Government points to Washington's latest felony conviction, which was deemed a Class B felony, for the trafficking offenses committed in 2002. [R. 58 at 5; *see also* R. 51-1 at 22, 24, 29-33]. Pursuant to Ky. Rev. Stat. § 532.060(2)(b), Class B felony convictions are "serious drug offenses" since a defendant may receive a sentence between ten and twenty years imprisonment for each offense. As such, because § 924(e)(2)(A)(ii) defines "serious drug offense" as being a state law drug offense with a "maximum term of imprisonment of ten years or more," Washington's latest 2004 felony conviction squarely fits in this definition.

---

[3] Washington was determined to be an Armed Career Criminal based upon the following predicate offenses, all stemming from convictions from the Franklin County Circuit Court, in Frankfort, Kentucky: (1) Trafficking in a Controlled Substance- Cocaine: committed on April 8, 1989, and convicted on July 19, 1990 Kentucky (89-CR-151); (2) Trafficking in a Controlled Substance- Cocaine: committed on December 28, 1989, and convicted on July 19, 1990 (90-CR-22); (3) two counts of Trafficking in a Controlled Substance- Cocaine: committed on May 3, 1990, and convicted on January 3, 1992(90-CR-165); (4) and two counts of Trafficking in a Controlled Substance: committed on June 27 and July 8, 2002, and convicted on May 7, 2004 (2-CR-178). [R. 40 at 3-4, 24].

9

Washington thus clearly qualified for a sentencing enhancement pursuant to the language of 18 U.S.C. § 924(e)(1), and his argument that counsel was ineffective for failing to challenge the enhancement as "broad" is wholly meritless.[4]

B. <u>Challenges to Appellate Counsel</u>

Washington also attacks the representation of his counsel on appellate review. Specifically, he argues that counsel raised "friv[o]lous argument[s] rel[ying] on future developments" of the law; namely, the overturning of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). [R. 51-1 at 8-9]. This argument is equally without merit.

On appeal, the Sixth Circuit rejected appellate counsel's arguments on the basis that current law from several Supreme Court decisions foreclosed any valid arguments to the contrary. *Almendarez-Torres* was only one case among a list of binding case law that the Sixth Circuit cited in rejecting counsel's arguments; others included *McNeill v. United States*, 563 U.S. 816 (2011), *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Johnson v. United States*, 135 S.Ct. 2551 (2015). Thus, Washington's argument that the Sixth Circuit rejected his ACCA challenge on appeal solely because appellate counsel referenced the allegedly wrong case law is simply misplaced and unsubstantiated by the Court's ruling.

---

[4] Though Washington repeatedly urges the Court to find that counsel was ineffective for failing to attack the ACCA enhancement on the basis that the definition of trafficking pursuant to Kentucky's trafficking statute is more broad than that of the definition of a controlled substance offense in USSG § 4B1.2(b), this argument is contrary to recent case law in this circuit. *See e.g.*, *United States v. Mayes*, 928 F.3d 502, 503-06 (6th Cir. June 27, 2019) (affirming ACCA application based on prior Ky. Rev. Stat. § 218A.1412 convictions); *United States v. Moore*, 2018 U.S. App. LEXIS 30690, at *5 (6th Cir. Oct. 29, 2018) (affirming Ky. Rev. Stat. § 218A.1412's qualification status under USSG 4B1.b(b)); *United States v. Whitfield*, 726 F. App'x 373, 374-75, 377 (6th Cir. 2018) (affirming career offender qualification with Ky. Rev. Stat. § 218A.1412 conviction as one predicate); *Walters v. United States*, 2017 WL 8159214, at *2 (6th Cir. Nov. 9, 2017) (holding that Defendant's "convictions for [Kentucky] first-degree trafficking were serious drug offenses under the ACCA") (citing *United States v. Martin*, 526 F.3d 926, 941 (6th Cir. 2008)); *United States v. Pratt*, 704 F. App'x 420, 428 (6th Cir. 2017) (holding that Ky. Rev. Stat. § 218A.1412 violations "clearly count as serious drug offenses under the ACCA").

Likewise, and most importantly, Washington offers no proof to verify his claim that counsel's arguments were only geared towards overturning *Almendarez-Torres*; and thus, most importantly, he has failed to explain how his counsel rendered deficient performance on this issue or how the result of the proceeding would have been different. Indeed, he offers only conclusory assertions, but such failure to develop an ineffective-assistance claim dooms it. *Thomas v. United States*, 849 F.3d 669, 679 (6th Cir.), *reh'g denied* (Apr. 27, 2017), *cert. denied*, 138 S. Ct. 261 (2017) (finding defendant's ineffective-assistance claim waived where he failed to "articulate how [counsel's] actions specifically were deficient or how they specifically prejudiced the outcome of the case"). "[C]onclusory assertions of ineffective assistance are not adequate." *United States v. Cosgrove*, 637 F.3d 646, 663 (6th Cir. 2011) (citing *United States v. Winkle*, 477 F.3d 407, 421 (6th Cir. 2007)); *cf. Strickland*, 466 U.S. at 690 ("A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.").

As discussed above, Washington only makes a barebones reference to a string of four cases[5] that he thinks counsel could have argued, but does not explain the specific arguments that counsel actually raised on appeal. Moreover, it is not clear what arguments Washington thinks his appellate attorney should have made; nor does he explain how the referenced case law is applicable to him. Therefore, he cannot prove that his appellate counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Washington's failure to satisfy the first prong of the *Strickland* test relieves the Court from considering the prejudice prong. *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004) (quoting *Strickland*,

---

[5] Washington vaguely references *Descamps v. United States*, 570 U.S. 254 (2013), *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Shepard v. United States*, 544 U.S. 13 (2005) and *Taylor v. United States*, 495 U.S. 575 (1990), but offers the Court no guidance to explain the basis for his allusion.

466 U.S. at 697). Accordingly, because Washington has not established deficient performance, his claim that counsel was constitutionally deficient offers him no relief.

### C. State Court Challenge

Lastly, Washington asserts that he was deprived of effective assistance of counsel in the state plea negotiations that preceded his federal prosecution. [R. 51-1 at 11-14]. He cites *United States v. Morris*, 470 F.3d 596, 600 (6th Cir. 2006) to support his position that the Court has the "inherent power to dismiss" the federal indictment against him. [*Id*. at 11-12]. Yet, because Washington's case is not analogous to *Morris*, and there is no evidence that federal prosecution was involved in the state court action, this claim fails.

In *Morris*, prosecutors in both the state and federal level forced a defendant to decide whether to plead guilty to state drug and firearm charges or risk facing more serious federal charges. *Morris*, 470 F.3d at 600. Basing its decision on traditional contract law principles, the Sixth Circuit found a Sixth Amendment violation "where [the defendant] was able to meet with his appointed counsel for only a few minutes in a public and crowded 'bull pen' cell before having to decide whether to plead guilty, and where his counsel had not received complete discovery, was not aware of the defendant's criminal record, and was misinformed— and thus misinformed the defendant —about the federal guideline range that the defendant would face if he rejected the state's plea offer." *United States v. Johnson*, 765 F.3d 644, 646 (6th Cir. 2014).

In contrast to *Morris*, there is no indication that federal prosecutors were involved in Washington's plea negotiations at the state level. In the same vein, there is no evidence that his attorney in the state-court proceeding was also ineffective. Instead, Washington offers only bald assertions that his attorney— who had allegedly never practiced in state court —confused

12

and misled him into pleading guilty. Though the court acknowledges that it has a duty to liberally construe pro se filings, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g.*, *Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of appellate counsel do not warrant habeas relief); *Palmer v. Hendricks*, 592 F.3d 386, 395 (3rd Cir. 2010) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). Because Washington offers no evidence that there were actually any communications between the state and federal prosecutors, and that the United States Attorney's Office was intertwined in the state plea process, this claim, too, fails.

## IV.

Washington requests an evidentiary hearing in order to further investigate the factual matters he challenges here, and allow him the "opportunity to conduct discovery in conjunction with [these] claims." [R. 51 at 12]. However, no hearing is necessary "where the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Here, the briefs on Washington's § 2255 motion, along with the record in this case, conclusively show that he is not entitled to the relief he seeks. Accordingly, no evidentiary hearing is required, and it will be recommended that this request also be denied.

## V.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336; 28

13

U.S.C. § 2253(c)(2). In cases where a district court has rejected a petitioner's constitutional claims on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when the denial is based on a procedural ruling, the defendant must show that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists would not debate the denial of Washington's § 2255 motion or conclude that "the issues presented are adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 327. Accordingly, it also will be recommended that a certificate of appealability be denied upon the District Judge's entry of a final order in this matter.

## VI.

*Strickland*, 466 U.S. at 668, teaches that to prevail on an ineffective assistance of counsel claim, the claimant must "show [by a preponderance of the evidence] that his lawyer made errors so egregious that he simply was not functioning as the counsel guaranteed by the Sixth Amendment." *United States v. Medved*, 905 F.2d 935, 942 (6th Cir. 1990); *see also Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). In this case, Washington offers no proof that both his trial and appellate attorneys committed any errors whatsoever. In other words, as in *Medved*, "[t]here is no way ... that lawyers of ordinary training and skill in the criminal law could possibly conclude that counsel's conduct ... w[ere] not 'competent.'" *Medved*, 905 F.2d at 942. Therefore, for the reasons stated above, IT IS RECOMMENDED that:

14

(1) Pierre Stephan Washington's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [R. 51], including his request for an evidentiary hearing, be denied;

(2) No Certificate of Appealability be issued;

(3) Judgment in favor of the United States be entered contemporaneously with the Court's entry of its final order; and

(4) This action be stricken from the Court's active docket.

\* \* \* \* \*

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service of the same or further appeal is waived. 18 U.S.C. § 636(b)(1); *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.*, 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). Generalized objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

This the 11th day of December, 2019.



Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge